LOEVY + LOEVY
Thomas R. Kayes (SBN 327020)
311 N Aberdeen St, Third Fl
Chicago, IL 60607
t. 312-243-5900
kayes@loevy.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANA K. GUERRERO,

       Plaintiff,

vs.

WESTERN NATIONAL SECURITIES d/b/a
WESTERN NATIONAL PROPERTY
MANAGEMENT; WNG MOUNTAIN SPRINGS GP;
and ALFONSO V. VIRGEN SR a/k/a ALFONSO
VILLEGAS,

       Defendants.

Case No.  26-cv-1014

Hon.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### Introduction

1. This is a housing harassment case.

2. WNG Mountain Springs GP owns Mountain Springs Apartment Homes, a large residential apartment building in Upland, California.

3. Western National Securities, doing business as Western National Property Management, manages the property on WNG's behalf.

4. Western National employed Alfonso Virgen (who may go by Villegas) as a property manager at Mountain Springs Apartment Homes.

5. Virgen used the power and authority Western gave him as a property manager to sexually harass tenant Ana Guerrero.

6. Guerrero now sues to recover for her injuries.

1

**Jurisdiction & Venue**

7. This court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because of Guerrero's federal Fair Housing Act claim.

8. This court has subject-matter jurisdiction over Guerrero's remaining claims under 28 U.S.C. § 1367 because they arise from the same facts as her federal claim.

9. Venue is proper in this judicial district because the relevant events occurred in San Bernardino County and the individual parties appear to reside there.

**Parties**

10. Plaintiff Ana Guerrero is a person living in California.

11. Defendant Alfonso V. Virgen Sr. a/k/a Alfonso Villegas is a person living in California.

12. Defendant Western National Securities d/b/a Western National Property Management is a business with a principal address in Irvine, California.

13. Defendant WNG Mountain Springs GP is a general partnership with an address in Upland, California.

**Allegations**

14. Ana Karina Guerrero is a single mother raising a 9-year-old daughter. She works in credit repair and bookkeeping to pay her family's bills.

15. While looking for a new place to live, she drove past the Mountain Springs Apartment Homes.

16. She liked the location because it was close to her daughter's school.

17. She visited the office, applied, and rented Unit 21H.

18. The property's primary address appears to be 1413 San Bernardino. Unit 21H is listed at 1445 San Bernardino.

19. She moved in around December 2024.

20. Mountain Springs is owned by WNG Mountain Springs GP.

21. It is managed by Western National Securities doing business as Western National Property Management.

22. Western National Securities and Western National Properties operate as Western National Group, which advertises that it owns more than 13,000 rental units and manages 23,000.

23. When Guerrero rented Unit 21H, she met a property manager named Alfonso.

24. Alfonso is Alfonso Virgen who may also go by Alfonso Villegas.

25. Virgen was employed by Western National to help manage the property.

26. His responsibilities included interacting with tenants.

27. Virgen and Guerrero had no prior relationship.

28. And Guerrero did nothing to suggest any romantic interest in Virgen.

29. He nonetheless began making unwanted sexual comments toward her.

30. Guerrero met Virgen in the management office about a week after she moved in.

31. From then until their last encounter, he made sexual comments about and leered at her every time they met. Those comments include:

   a. Virgen looked at Guerrero's butt and said, "that's how I like them."

   b. Virgen repeatedly commented on Guerrero's clothes saying she was "classy," "elegant," and that he "loved" the way she dressed.

   c. Virgen told Guerrero she was beautiful.

   d. Virgen told Guerrero she had beautiful eyes.

32.     Virgen made these comments in English and Spanish.

33.     He did so while running his eyes over Guerrero's body, particularly her butt.

34.     Guerrero tried to discourage Virgen by not reacting.

35.     Virgen made these comments over a period of several months.

36.     Eventually, Guerrero went to the office to ask about an additional parking space.

37.     Virgen was there. Virgen said "let me see what I can do" and asked her if she would be "home later on."

38.     Guerrero was wary but said yes.

39.     Virgen then said "you always look so beautiful, can I have a hug?"

40.     Guerrero replied, "Huh?" And Virgen embraced her, then lowered his hands to her hips.

41.     He grasped and pulled their bodies together, rubbing his groin onto her.  Guerrero said, "What the heck? Get off!" She then pushed him away and left.

42.     She felt disgusted, embarrassed, and disrespected.

43.     Later that day, Virgen came to Guerrero's home.

44.     Guerrero was surprised he had come after she told him off in the office.

45.     There, Virgen offered to get Guerrero a parking spot in exchange for sex.

46.     Virgen told Guerrero, "I can get you a parking spot, but what would you do for it?" Guerrero replied, "I thought it was $40 per month?" Virgen then said, "yeah, but what am I going to get?"

47.     Guerrero understood that he was asking for a sexual favor in exchange for parking.

48.     She gave him an "are you serious?" look and then her phone rang and she told Virgen to leave.

4

49. A few days later, Guerrero's car was towed from the complex.

50. She wasn't parked in another resident's spot and there was no legitimate reason to tow her car.

51. She went to the office. Virgen was not there. Other managers gave her the towing company information but were unable to explain why her car had been towed. She paid $688.50 to retrieve her car.

52. What Virgen did made Guerrero want to leave the building. But she worried about breaking her lease and being forced to pay the remaining term's rent. She also learned around the time her car was towed that Virgen was moved to another complex. She has not seen him in several months.

53. Virgen's actions embarrassed Guerrero and they disgusted her. She has experienced headaches, stomachaches, and nausea. She has felt unsafe in her home, knowing that Virgen knows where she lives and could access a key.

54. The harassment hurt her relationship with her then-boyfriend and has made her less interested in romantic relationships with men.

55. Guerrero feels less confident in social situations because she does not want to draw attention like Virgen's to herself.

**Claims for Relief**

<u>Count 1</u> – Fair Housing Act

Against All Defendants

56. Guerrero incorporates all other allegations here.

57. Virgen injured Guerrero by committing discriminatory housing practices in violation of the federal Fair Housing Act.

58.    Guerrero is therefore entitled to compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs.

59.    Each Defendant is directly or vicariously liable for Virgen's discriminatory housing practices.

Count 2 – California Fair Employment and Housing Act

Against All Defendants

60.    Guerrero incorporates all other allegations here.

61.    Virgen injured Guerrero by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12955; Cal. Gov. Code § 12955.6.

62.    Guerrero is therefore entitled to compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs. Cal. Gov. Code § 12989.1; Cal. Gov. Code § 12989.2.

63.    Each Defendant is directly liable or vicariously liable for the discriminatory housing practices.

Count 3 – Unruh Civil Rights Act

Against All Defendants

64.    Guerrero incorporates all other allegations here.

65.    The Unruh Civil Rights prohibits discrimination based on sex in the residential rental property business. Cal. Civ. Code § 51.

66.    Whoever discriminates in violation of the Act is liable for up to treble damages. Cal. Civ. Code. § 52(a).

67.    Virgen discriminated based on sex within the meaning of the Unruh Act by sexually harassing Guerrero.

68. The other Defendants are vicariously liable for Virgen's conduct.

69. Defendants are therefore liable to Guerrero under the Act.

### Count 4 – Negligence

### Against WNG and Western National

70. Guerrero incorporates all other allegations here.

71. Each Defendant other than Virgen owed Guerrero a duty to hire, train, supervise, and discipline Virgen so as to prevent Virgen from sexually harassing Guerrero.

72. Each Defendant other than Virgen breached that duty/those duties, causing Virgen's harassment of Guerrero.

73. The breach/breaches therefore injured Guerrero.

74. Guerrero is therefore entitled to compensatory and punitive damages.

### Count 6 – Assault

### Against Virgen

75. Guerrero incorporates all other allegations here.

76. Virgen put Guerrero in imminent fear of an offensive, unreasonable, unconsented, and unpermitted touching.

77. That conduct injured Guerrero.

78. Guerrero is therefore entitled to compensatory and punitive damages.

### Count 7 – Battery

### Against Virgen

79. Guerrero incorporates all other allegations here.

80. Virgen battered Guerrero by making offensive and harmful contact with her, he intended to do so, and she did not consent nor was the contact permitted.

81. That conduct injured Guerrero.

82. Guerrero is therefore entitled to compensatory and punitive damages.

**Prayer for Relief**

83. Guerrero prays for a judgment with the following relief:

    a. Compensatory damages,

    b. Punitive damages,

    c. Attorneys' fees and costs,

    d. Pre- and post- judgment interest,

    e. Declaratory relief, and

    f. All other relief that the court finds just.

Dated: April 29, 2026

Respectfully submitted,

/s/ Thomas R. Kayes

Thomas R. Kayes
LOEVY + LOEVY
311 North Aberdeen, Third Floor
Chicago, Illinois 60607
t. 312.243.5900
kayes@loevy.com

Attorneys for Plaintiff

**Demand for Jury Trial**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues.

Dated: April 29, 2026

Respectfully submitted,

/s/ Thomas R. Kayes

Thomas R. Kayes
LOEVY + LOEVY
311 North Aberdeen, Third Floor
Chicago, Illinois 60607
t. 312.243.5900
kayes@loevy.com

Attorneys for Plaintiff